CITIZENS NATIONAL BANK OF NORWALK, OHIO, APPELLEE, *v.* NORMAN ET AL.; HURON COUNTY SHERIFF, APPELLANT.

[Cite as Citizens Natl. Bank of Norwalk *v.* Norman (1987), 29 Ohio St. 3d 62.]

(No. 86-1154—Decided April 1, 1987.)

*Carpenter, Freeman & Laycock* and *Ronald H. Freeman,* for appellee.
*Michael R. Fegen,* prosecuting attorney, and *Richard E. Grimes,* for appellant.

*Per Curiam.* The sole issue before us is whether a sheriff at a foreclosure sale is entitled to poundage upon the entire bid amount of a first mortgage purchaser when such bid is for a sum less than the amount owing on the first mortgage, and no moneys were actually paid to the sheriff. For the reasons which follow, we hold he is not.

Poundage in foreclosure sales is governed by R.C. 311.17, which provides in part:

"(B) In addition to the fee for service and return, the sheriff may charge:

"* * *

"(4) Poundage on all moneys actually made and paid to the sheriff on execution, decree, or sale of real estate, one per cent."

Statutes governing sheriff's fees have contained these precise words, varying only in the percentage due, since 1837. (35 Ohio Laws 53, 54.) The purpose for an allowance of poundage has remained equally constant, "* * * namely: as a compensation to the sheriff for the risk incurred in handling and disbursing money actually received by him in his official capacity." *Major* v. *Internatl. Coal Co.* (1907), 76 Ohio St. 200, 209, 81 N.E. 240, 242.

In *Internatl. Coal Co.,* this court faced a situation identical in all salient respects to the case *sub judice.* We stated, in paragraph one of the syllabus:

"Under Section 1230, Revised Statutes, a sheriff is not entitled to

poundage upon the sale of mortgaged premises under an order of sale in foreclosure, where the real estate so sold by him is bid off and *purchased by one who is entitled to the whole of the proceeds* arising from the sale, although such purchaser was not a party to the suit in which the decree of foreclosure was made and the order of sale issued." (Emphasis added.)

R.S. 1230, a predecessor to R.C. 311.17, contained the following additional provision: "* * * but when such real estate is bid off and purchased by a party entitled to a part of the proceeds, the sheriff shall not be entitled to any poundage except on the amount over and above the claims of such party." (77 Ohio Laws 116, 117.) The purchasers in *Internatl. Coal Co.* paid no money to the sheriff, other than a sum to cover expenses and costs of the sale. They merely turned over sufficient bonds held as a lien on the property to cover the purchase price. There existed neither an amount over and above the claim of the bondholders, nor any moneys actually made and paid to Sheriff Major.

Appellant, however, points to the recent amendment to R.C. 311.17 in support of his position. Effective December 26, 1984, the legislature deleted the language dealing with purchase by a party entitled to a part of the proceeds. The sheriff argues that the legislature thereby intended to allow poundage on the entire sale amount even where the purchaser is the first mortgage holder and the purchase price, being less than the amount owed on the mortgage, is applied to satisfy such debt.

We are unconvinced. The unamended portion of the statute still controls, limiting poundage to "moneys actually made and paid to the sheriff." The fact remains that no money was actually paid to the sheriff as required. The mortgagee purchaser is not required to pay over to the sheriff, nor into court, money which would be paid back to him, "* * * for the legal effect of the bid and sale, followed by confirmation and deed, is only to satisfy the mortgage, and the debt *pro tanto,* and vest in the mortgagee, purchaser, the equity of redemption of the * * * [mortgagor], and is not to produce a fund for distribution. It has never been the law or practice in this state to require a mortgagee, purchasing under such circumstances, to pay the amount of his purchase either to the officer making the sale, nor into the court. The reason is that having already the legal title subject to the equity of redemption of the mortgagor, the purchaser is in a sense the owner, and requires only a satisfaction in a legal manner of the equity of redemption, and of any subsequent liens, followed by possession, in order to give him a complete title to the land. To require the mortgagee to pay over to the assignee in money the amount of his bid, to be followed by a repayment to him by the assignee of all or the major part of the sum would not only be the requiring of a vain thing, a ceremony illogical and useless, but it would in many cases work downright injustice." *Andrews* v. *Johns* (1898), 59 Ohio St. 65, 72-73, 51 N.E. 880, 882.

The sheriff received no money, incurred no risk, and earned no compensation by way of poundage under R.C. 311.17, except to the extent of $2,015.43 entrusted to him for payment to the county treasurer. He was

therefore entitled, as the trial court so held, to poundage in the amount of $20.15.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.